THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* VALENTINE J. CARROLL, Respondent.

Second Department, November 18, 1957.

*Edward S. Silver, District Attorney (William I. Siegel* of counsel), for appellant.

*David T. Berman* and *Leon J. Kesner* for respondent.

MURPHY, J. Section 2 of article I of the New York State Constitution reads: " Trial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever; but a jury trial may be waived by the parties in all civil cases in the manner to be prescribed by law. The legislature may provide, however, by law, that a verdict may be rendered by not less than five-sixths of the jury in any civil case. *A jury trial may be waived by the defendant in all criminal cases, except those in which the crime charged may be punishable by death, by a written instrument signed by the defendant in person in open court before and with the approval of a judge or justice of a court having jurisdiction to try the offense. The legislature may enact laws, not inconsistent herewith, governing the form, content, manner and time of presentation of the instrument effectuating such waiver."* (Emphasis supplied.)

The issue here is whether the emphasized portion of the constitutional provision is self-executing or is dormant until implemented by statute.

On August 13, 1956 respondent was brought to trial in the County Court, Kings County, on indictment 2061-1955 charging him with grand larceny in the second degree. At the outset of the trial, respondent filed a stipulation signed by him and by his attorney which was accepted by the court despite the objection of the assistant district attorney. The stipulation reads:

" Pursuant to Article one, Section two of the Constitution, I Valentine J. Carroll, the defendant under indictment 2061,

1955 do hereby waive jury trial on this indictment. I do so after consultation with my counsel Leon Kesner, and with full understanding of the rights and privileges which I waive herewith." After trial, the court found respondent not guilty, discharged him, and exonerated his bail. Thereafter respondent was charged, on indictment 290-1957, with grand larceny in the second degree for the same offense on which the 1955 indictment was based. When arraigned on the 1957 indictment he moved to dismiss that indictment on the ground of former jeopardy. The motion was granted and this appeal is from the order entered thereon.

The People seek reversal of the order and reinstatement of the 1957 indictment on the ground that the trial of the 1955 indictment was a nullity, contending that the waiver should not have been accepted because the constitutional provision is not self-executing and has never been implemented by legislation.

The provision for waiver of a jury trial first appeared in the Constitution of 1846 and remained the same in the Constitution of 1894. It related only to civil cases and was expressly made dependent upon statutory implementation, as follows: "but a jury trial may be waived by the parties in all *civil* cases in the manner to be prescribed by law." (Emphasis supplied.) This provision was amended, effective January 1, 1938, so as to include noncapital criminal cases, as follows: "but a jury trial may be waived in the manner to be prescribed by law by the parties in all civil cases *and by the defendant in all criminal cases*, except those in which the crime charged may be punishable by death." (Emphasis supplied.) Until the Legislature prescribed the manner, waiver could not be effectuated.

It will be observed that the constitutional provision, adopted at the Constitutional Convention of 1938, approved by vote of the people, and effective January 1, 1939, is markedly different from its 1938 predecessor. As to civil cases, the same rule prevails as had been in effect since 1846, i.e., waiver may be had only in the manner to be prescribed by law. In contrast, waiver in a noncapital criminal case may be accomplished by written instrument signed by the defendant in person in open court before, and with the approval of, a judge or justice of a court having jurisdiction to try the offense. If we were dealing with a similar statutory provision there could be no doubt of its sufficiency as to detail to enable compliance.

The proposed amendment was presented to the Constitutional Convention by the chairman of its judiciary committee, the late CHARLES B. SEARS, then Presiding Justice of the Appellate Divi-

sion of the Supreme Court, Fourth Judicial Department. The exposition of Judge SEARS and the events between presentation and adoption are set forth at pages 1273–1286 of volume II of the Revised Record of the New York State Constitutional Convention of 1938. This inquiry was made (p. 1283): "Is it intended that the Legislature may further develop this proposal by appropriate legislation, or is it deemed to be complete as it stands?" Judge SEARS answered (p. 1283): "It was originally deemed to be complete as it stands, but I now propose as the result of conversations that I have had since we took the recess to add to this section, 'The Legislature may enact laws not inconsistent herewith, governing the form, content, manner and time of presentation of the instrument effectuating such waiver.'"

The constitutional provision is clear and specific, subject only to the permission granted the Legislature to standardize procedure. The trend of authority is toward regarding provisions in a State constitution to be self-executing (*Hamilton* v. *Secretary of State,* 227 Mich. 111, 115).

The fact that the Legislature may enact laws not inconsistent with the constitutional provision does not detract from its self-executing nature. "The mere fact that legislation might supplement and add to or prescribe a penalty for the violation of a self-executing provision does not render such provision ineffective in the absence of such legislation." (1 Cooley on Constitutional Limitations [8th ed.], p. 170.)

There is no substance to the contention of the People that, as to the power of the Legislature to enact laws, the word "may" in the constitutional provision should be read as "must".

In *Henshaw* v. *Foster* (9 Pick. [26 Mass.] 312, 317) Chief Judge PARKER aptly observed: "We are to suppose that the authors of such an instrument [the Massachusetts Constitution] had a thorough knowledge of the force and extent of the words they employ". Judge SEARS and his colleagues knew precisely what they were doing when they used the word "may". They had created a self-executing provision and then provided for permission to the Legislature to enact supplementary legislation.

The order should be affirmed.

Present — NOLAN, P. J., WENZEL, BELDOCK, MURPHY and KLEINFELD, JJ.

Order unanimously affirmed.