■ In the Matter of SIMON KLEINMAN et al., Appellants, v. H. ELIOT KAPLAN et al., Constituting the New York State Department of Civil Service, Respondents.— Although petitioners who held civil service appointments as probation officers in Queens County knew on April 1, 1959 of the promotion of three probation officers to the positions of probation supervisors, which appointments they contend were invalid, they delayed the institution of this article 78 proceeding to annul and restrain such action for more than three one one-half years (Nov. 9, 1962). The time limit for the institution of a proceeding in the nature of mandamus does not expire until four months after demand and refusal to perform a duty (Civ. Prac. Act, § 1286); but it is firmly settled that a petitioner cannot indefinitely postpone the time to seek relief by delaying the demand. (*Matter of Amsterdam City Hosp.* v. *Hoffman*, 278 App. Div. 292.) In *Matter of Cash* v. *Bates* (301 N. Y. 258), where the civil service appointments were held invalid, the argument that the petition must be dismissed for " untimeliness " was rejected in view of the continuing failure of respondent to obey the constitutional directions in respect of civil service appointments. But this treatment of " untimeliness " cannot reasonably be read to mean that under all circumstances a petitioner has a right to bring mandamus to challenge civil service appointments whenever he wishes with no possibility that he may be barred by his own laches. The court, with *Cash* cited to it as a precedent, expressly rejected such a possibility in *Austin* v. *Board of Higher Educ.* (5 N Y 2d 430, 442). This was not a civil service case, but the principle laid down is applicable to the general problem of undue delay constituting laches. An aggrieved party may not " extend indefinitely " the period during which he is required to take action " by delaying making his demand ". Circumstances may change from case to case, but the delay here of over three years in the institution of the proceeding in our opinion bars it for laches. Order unanimously affirmed, without costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.

■ In the Matter of the Claim of EDNA SKEENS, Appellant, v. L. F. HICKS TRUCKING COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Upon remittal after the prior appeal (15 A D 2d 694), the board found, in substance, that the cohabitation in Iowa was not with a present intent and agreement to establish a marriage. Intent is usually a matter of inference and always one for purely factual evaluation and determination and hence within the province of the board, whose finding upon this record cannot be disturbed. Decision unanimously affirmed, without costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.