Frank J. Pino, J.
Petitioner, by order to show cause in this article 78 proceeding, contending he successfully completed all the required examinations, seeks an order directing respondents (1) to certify him as eligible for appointment as a regular teacher of vocal music in the city’s junior high schools, (2) to grant him a license as a regular teacher for this subject, and (3) to place his name on the list of such eligibles, all of which petitioner further contends respondents have denied him, solely by reason of his blindness.
Said petitioner is duly certified by the Commission for the Blind of the State Department of Social Welfare, pursuant to subdivision 3 of section 55 of the Civil Service Law, as qualified to perform the duties of teacher of vocal music, even though he is classified as legally blind.
Respondents raise no issue as to petitioner’s academic, professional and educational requirements. Further, they admit that petitioner has completed and received ratings of passing grade in the written, interview and performance tests. It is undisputed that the applicant received an ‘ ‘ unsatisfactory ’ ’ rating in the final item of the general examination referred to in the General Regulations as “ A Physical and Medical Examination ”. At such examination two members of the medical staff of the respondent Board of Education “ found petitioner 1 not fit ’ to give continuous and effective service as a teacher because of defective vision, and so recommended to the Board of Examiners ’ ’. The latter, acting on such recommendation at its regular meeting on January 22, 1964, determined to deny a license to petitioner and notified him to this effect on February 4, 1964. The stated reason for such determination Avas “ vision inadequate for the duties of the position.” Thereafter, petitioner filed an appeal on March 9, 1964, which the Board of Examiners denied on May 20, 1964, and officially notified petitioner of this fact on May 22, 1964. The petition herein was served upon the respondents on June 9, 1964.
Respondents’ initial claim is that this proceeding is barred under CPLR 217 for the reason that it was not commenced Avithin four months after the determination, contending that the determination date is February 4, 1964. Respondents’ position in this regard is Avithout merit. The determination herein was finalized on May 22, 1964, when petitioner learned of the denial of his appeal and is the appropriate date from which to measure the short Statute of Limitations (Matter of Francisco v. O’Connell, 33 Misc 2d 555, app. dsmd. on other grounds 274 App. Div. 796; AllState Auto Body v. Murphy, *1092 N. Y. L. J., Feb. 18,1964, p. 15, col. 1). Thus the commencement of this proceeding on June 9, 1964, by order to show cause was timely.
The petitioner claims that since he has been found otherwise qualified, respondents’ determination is arbitrary, unreasonable, unlawful and in violation of section 3004 of the Education Law, as amended (L. 1960, ch. 270, eff. March 22,1960). As here pertinent, the section reads: “§ 3004. Regulations governing certification of teachers. The commissioner of education shall prescribe, subject to approval by the regents, regulations governing the examination and certification of teachers employed in all public schools of the state, except that no such regulation affecting the examination, certification, license, * * * appointment * * * shall hereafter prohibit, prevent or disqualify any person, who is otherwise qualified, from competing, participating and registering for such examination nor from obtaining a teacher’s certificate or from qualifying for a position as a teacher solely by reason of his or her blindness.” (Emphasis supplied.)
The respondents contend that the statutory prohibition applies only to teaching positions which the Board of Examiners determine can be filled by blind persons. Such a construction would distort the crystal-clear language of the measure. It means what it says: That if this blind petitioner is otherwise qualified he cannot be denied his license as a teacher. If blindness cannot disqualify him, certainly he cannot be disqualified “ béeause of defective vision ” or “ vision inadequate for the duties of the position.”
Petitioner’s application is replete with the expressions of an imposing array of authorities in the area of the training and employment of blind persons, which substantiate present-day confidence that blind persons can scientifically acquire required competence in many fields of endeavor, and particularly in the teaching profession. Evidence is everywhere at hand, and is indeed convincing, that blindness does not necessarily constitute a bar to the ability of qualified and well-trained persons to perform satisfactorily as teachers in the public school system. There is no question therefore that the legislation is reasonable. The Legislature having thus spoken, its mandate must be followed. Respondents’ circular No. 2, dated April 15, 1959, on ‘ ‘ Physical and Medical Standards of Applicants for License ” which requires the minimum of “at least 20-30 vision in one eye with or without glasses ” to the extent that it is inconsistent with the statute is necessarily invalidated, and does not apply to the petitioner.
*1093 This petitioner is an unusually well-recommended applicant. Professor Harry R. Wilson, Chairman of the Music Department of Teacher’s College, Columbia University, wrote to the Board of Examiners with respect to his qualifications as follows: “ Mr. Chavich has been a student at Teacher’s College, Columbia University for the past year. I had learned to know him very well because I have served as his program advisor. He is an excellent student and is a very fine musician and an accomplished pianist. I understand from Professor Tipton that he has done superior work in his student teaching program. He would like to teach either in the elementary or secondary schools. I do not hesitate in the least to give him a strong recommendation. Mr. Chavich is handicapped with limited vision although he is not totally blind. However, I am amazed at how he conducts himself in his study program and in his association here at the college. He uses neither a cane nor a seeing-eye dog for guidance. He is an extremely intelligent person and very musical. I really think he will do a good job of teaching music and I give him a strong recommendation. ’ ’
During the school year 1963-64, petitioner was a student teacher of vocal music at Joan of Arc Junior High School and Public School 118 in Manhattan. Mr. Elgin Lowe, Jr., to whom he was assigned for practice teaching, writes: “ I found Mr. Chavich to be an extremely capable teacher. He was in complete command of his subject matter and communicated well with the pupils. Although some discipline problems were expected because of Mr. Chavich’s physical handicap, I cannot recall any significant occurrences that affected his teaching. He is a very sensitive and conscientious teacher.”
He has a most impressive background in musical education, having studied at the Cincinnati Conservatory of Music from 1951 to 1954, receiving a bachelor’s degree, majoring in piano, with minors in voice and composition. He was awarded a tuition scholarship at the Manhattan School of Music where he studied from 1955 to 1959 and received a Master of Music degree with major in piano.
Respondents’ answer alleges that there is nevertheless one remaining phase of the procedure governing the examination, to wit, the ‘1 Appraisal of Record ’ ’, which still remains to be completed.
In formulating its general regulations governing examinations, the Board of Education lists “ Appraisal of Record ” as item 32 and preceding the item ‘ ‘ A Physical and Medical Examination ” as paragraph 34. It would appear that in the *1094 ordinary course the 1 ‘ Appraisal of Record ’ ’ item should be completed prior to “ A Physical and Medical Examination
In any event, although petitioner completed all other examinations relating to academic, professional and educational requirements on January 21, 1963, he did not receive official notice that he had failed the medical and physical examinations until January 24, 1964. Respondents therefore had more than a year to complete the ‘ ‘ Appraisal of Record ’ ’. It would further appear that the investigation in connection therewith does not require the presence or participation of the candidate; that many of the elements of such an investigation are perfunctory ; and that others are already within the knowledge of the respondents.
Petitioner’s application has been too long delayed. He should not be further penalized because of the inability or failure on the part of the board to process his application with reasonable expedition. The respondents have three years during which investigations can be made and before tenure is granted to the petitioner. If need be, any further investigation can be made after petitioner’s appointment. In the meantime, the court will allow respondents a period of 30 days from the entry of an order herein to complete the said ‘ ‘ Appraisal of Record ’ ’.
Unless respondents shall sooner determine that said “ Appraisal of Record ” is unsatisfactory, respondents are then, upon the expiration of said 30-day period, directed to certify petitioner as eligible for appointment as a regular teacher of vocal music in the city’s junior high schools and to grant him a license as a regular teacher for this subject and to place his name on the list of such eligibles.
The action of the Board of Examiners is arbitrary, capricious and contrary to section 3004 of the Education Law. Petitioner’s application is granted as above indicated.