Henry F. Werker, J.
This is a habeas corpus proceeding.
The petitioner, Chester Edward Browne, was indicted by the Grand Jury of the County of Oswego on November 18, 1968 for burglary in the third degree and petit larceny.
On the same day he was arraigned before Honorable Don H. Stacy, County Judge of the County of Oswego, who assigned Robert Amdursky as counsel for petitioner.
On November 25, 1968 petitioner accepted Mr. Amdursky as his attorney and pleaded not guilty to the indictment. The Grand Jury and the District Attorney recommended that petitioner be investigated as to his eligibility for youthful offender treatment. Mr. Amdursky informed the court that petitioner had been advised of his rights with respect to the consent to be investigated for youthful offender treatment and had signed the consent.
The court, questioning Mr. Browne, asked him if he had read the consent, understood it and signed it, to all of which questions Browne answered in the affirmative.
The consent read in part as follows:
‘ ‘ I hereby consent to be investigated and examined and to be tried without a jury, if that should become necessary, in order to determine whether I should be adjudged a youthful offender ’ ’.
The petitioner again appeared in court with assigned counsel on January 13, 1969. He was arraigned as a youthful offender and the following allocution occurred between the court and petitioner:
“ The Court: Upon this arraignment as a Youthful Offender, how do you plead, guilty or not guilty? If you plead not guilty or stand mute, you will be tried before the Court without a jury, having waived a jury trial. If you plead guilty, it is equivalent to a finding of guilty after a hearing before the Court without a jury, and you will be adjudged a Youthful Offender.
“ Dependant: Guilty.
“ The Court: As I said before, you understand that a plea of guilty is the same thing as if you had been found guilty after a trial before the court without, a jury?
*198 “ Defendant : Yes, sir.
“The Court: Any promises been made to you what the punishment will be f
“ Defendant : No.
“ The Court : Knowing all that, how do you plead?
‘ ‘ Defendant : Guilty. ’ ’
The petitioner was then sentenced to the Correction Department of the State of New York for a reformatory sentence. This sentence is for an indeterminate period not in excess of four years. (Penal Law, art. 75.)
The petitioner is no stranger to the courts. On April 29, 1964 he was adjudicated a juvenile delinquent for willful trespass. On March 23, 1966 he was warned by letter with respect to another willful trespass. On November 18, 1966 he received intake counseling on a charge of petit larceny. On October 11, 1968 the petitioner having been indicted for grand larceny, third degree (1 count), burglary third degree (3 counts) and petit larceny (1 count) was investigated and found eligible for youthful offender treatment. He pleaded guilty to the charge of being a youthful offender and was placed on probation for a period of five years under the supervision of the Onondaga County Probation Department.
Just one month later on November 10, 1968 he was arrested on the charge of burglary, third degree, which resulted in his indictment, investigation as a youthful offender and again a plea of guilty which he now asserts has resulted in his illegal detention.
The record indicates that the petitioner was not required to plead guilty to the indictment in order to obtain youthful offender treatment as alleged in his petition. He pleaded not guilty to the indictment.
Petitioner, upon the hearing of this matter on January 28, 1970, had no clear recollection of the proceedings which took place in the Oswego County Court'nor those in the Onondaga County Court.
The petitioner’s prayer for relief is that the plea and adjudication thereon as a youthful offender be vacated and that petitioner be remanded to Oswego County Court for repleading, on the ground that the proceedings had under the Code of Criminal Procedure (part VI, tit. VII-B, § 913-m, subd. 1, par. [d]), as provided by the Penal Law (art. 75, as amd. by L. 1967, ch. 324; Code Grim. Pro., § 913-g, subd. 3; § 913-h) deprived the petitioner of a trial by jury and were null and void absent due process of law and equal protection of law in violation of *199 the Sixth and Fourteenth Amendments of the Constitution of the United States.
The crime with which defendant was charged by the indictment, namely, burglary in the third degree is classified as a Class D Felony (Penal Law, § 140.20) and is punishable by a maximum sentence of seven years (Penal Law, § 70.00, subd. 2, par. [d]), although an alternative sentence of one year or less is authorized (Penal Law, § 70.05) under special circumstances. The court may fix a minimum sentence of not more than one third of the maximum but must state its reasons therefor (§ 70.00, subd. 3, par. [b]).
Section 75.00 (subds. 1, 2) of the Penal Law provides that a young adult is a person more than 16 years of age and less than 21 years of age and that a reformatory sentence may be imposed on such persons in lieu of any other sentence of imprisonment. Section 75.10 of the Penal Law provides that a reformatory sentence shall be four years less any amount of time credited against the sentence.
Section 913-m of the Code of Criminal Procedure, dealing with youthful offenders, provides that upon the adjudication of a person as a youthful offender the court must impose one of the sentences set forth, and one of those sentences is “ (d) A reformatory or an alternative local reformatory sentence of imprisonment;” or “ (e) The definite sentence of imprisonment that would be authorized if the youthful offender had been convicted for the criminal act for which he was adjudicated a youthful offender. ”
Section 913-g of the Code of Criminal Procedure sets forth the procedure for youthful offender treatment and is entitled “ Determination of eligibility.” Subdivision 3 of that section contains the following language:
“ cmd the defendant consents to physical cmd mental examinations, if deemed necessary, cmd to investigation and questioning, and toi trial without a jury, should a trial be had”. (Italics supplied.)
Section 913-h entitled ‘ ‘ Summary trial ’ ’ provides that if a plea of not guilty to the charge of being a youthful offender is entered, “ The trial shall be held by the court without a jury ”.
The Sixth Amendment of the Constitution of the United States provides: ‘ ‘ Article VI. Civil rights in trials for crimes enumerated.— In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained *200 by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance -of Counsel for his defence.”
The Fourteenth Amendment so far as it is applicable provides: “ Section 1, Citizenship defined; privileges of citizens.— All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.”
The Constitution of the State of New York (art. I, § 2) provides: “ [Trial by jury; how waived.] § 2. Trial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever; but a jury trial may be waived by the parties in all civil cases in the manner to be prescribed by law. The legislature may provide, however, by law, that a verdict may be rendered by not less than five-sixths of the jury in any civil case. A jury trial may be waived by the defendant in all criminal cases, except those in which the crime charged may be punishable by death, by a written instrument signed by the defendant in person in open court before and with the approval of a judge or justice of a court having jurisdiction to try the offense. The legislature may enact laws, not inconsistent herewith, governing the form, content, manner and time of presentation of the instrument effectuating such waiver.”
There can be no question that the crime charged by the indictment is a serious crime due to the fact that it is punishable by a maximum term not in excess of seven years. There is no question that the reformatory sentence imposed upon the petitioner is also for a serious offense since it can be for a maximum period of four years. The guilt of a youthful offender is determined by proof of the underlying crime charged and, in practice, the seriousness of the crime is one of the factors considered when disposition is made. There can be no doubt as to the relevance of the penalty authorized in considering whether the trial is subject to the mandates of the Sixth Amendment. (Duncan v. Louisiana, 391 U. S. 145, 160.)
It has been argued that the New York Constitution is narrower than the United States Constitution in that it limits trial by jury to those cases in which it has heretofore been guaranteed *201 and the charge of being a youthful offender is not one of the cases so covered. This, in my opinion, would be simply a matter of semantics since the guilt or innocence of a youthful offender depends upon the proof of the underlying charge — in this instance burglary in the third degree. It can result in incarceration against one’s will, whether it is called “civil” or “ criminal ”. (Matter of Gault, 387 U. S. 1.)
Duncan v. Louisiana (supra) was decided on May 20, 1968. It has been decided that it is not retroactive (De Stefano v. Woods, 392 U. S. 631). Petitioner, by consenting to investigation and examination as a youthful offender, put himself in the position where if he was approved and found guilty of being a youthful offender he could be sentenced to a reformatory sentence under section 913-m of the Code of Civil Procedure which by operation of article 75 of the Penal Law would be converted into an indefinite term not to exceed four years. There is no question that under Duncan v. Louisiana (supra) by reason of the possible four-year sentence he was subject to imprisonment as if for a serious crime. He was, consequently, entitled to a jury trial.
Those eases cited by the Attorney-General (People v. Anonymous, 56 Misc 2d 725 [May 1, 1968]; People v. “ Y. O. 2404 ”, 57 Misc 2d 30 [June 24, 1968], and People v. Larry K., 58 Misc 2d 526 [Dec. 6, 1968]) cannot, in my opinion, stand in the light of Duncan v. Louisiana (supra) and Matter of Gault (supra). I see no difference in the light of decided cases between the United States Constitution and the New York State Constitution. Patton v. United States (281 U. S. 276) established the right of a defendant to waive a jury in the Federal courts in 1930. It was settled in New York by People v. Carroll (7 Misc 2d 581, affd. 4 AD 2d 537, affd. 3 N Y 2d 686).
There is no question that the framers of our Constitutions intended to preserve the right of trial by jury primarily for the protection of the accused. The right is one which the accused is privileged to forego at his election (Patton v. United States, 281 U. S. 276, 297, 298, supra). In Matter of Gault, in the majority opinion and in the concurring opinion of Mr. Justice Black (p. 64), it was clearly stated that “ what fits ‘ tradition and conscience ’ ” must give way when it collides head on with the Bill of Rights.
Having established that petitioner is entitled to a jury trial and that he is privileged to waive such a trial, the question remains whether in this particular case he has voluntarily and intentionally waived that right by executing the consent on November 25, 1968.
*202 In view of petitioner’s experience with the law and the fact that he had been accorded youthful offender treatment only a month before there is no doubt that he knew that he was waiving his right to a trial by jury. By the same token he also knew that he could only obtain youthful offender treatment by signing the consent waiving that right.
The record in the Oswego County Court does not indicate the place where the consent was executed. By inference it would appear that it was not executed in open court as prescribed by the Constitution of the State -of New York. I assume without deciding that the acknowledgement of its execution in open court would cure this defect.
While Matter of Gault (supra) did not specifically concern itself with the Sixth Amendment right to trial by jury, it did rule that the procedural safeguards of the Bill of Rights were made obligatory upon the States with respect to juveniles as well as adults. The forecast is clearly indicated that the right to trial by jury would not be excluded by Duncan v. Louisiana (supra); Matter of Whittington (391 U. S. 341); Nieves v. United States (280 F. Supp. 994); Matter of Saunders v. Lupiano (30 A D 2d 803), and People v. Michael A. C. (Anonymous) (32 A D 2d 554).
In Matter of Hogan v. Rosenberg (24 N Y 2d 207) a pragmatic solution was reached by eliminating from the jurisdiction of the juryless Criminal Court of the City of New York the authority to sentence to a reformatory sentence under article 75 of the Penal Law.
I am persuaded that such a course, with respect to the County Courts outside of the City of New York and the Supreme Court of the State of New York within the City of New York, which have jurisdiction of all felonies, would seriously impair the jurisdiction of those courts to deal with youthful -offenders in. accordance with the legislative scheme intended by section 913-m of the Code of Criminal Procedure.
As was observed in Matter of Saunders v. Lupiano (supra) the Legislature may not coerce or needlessly encourage a person ' to waive the exercise of a constitutional right either by granting a special benefit or penalizing for the failure to waive the right (Gardner v. Broderick, 392 U. S. 273; United States v. Jackson, 390 U. S. 570; Garrity v. New Jersey, 385 U. S. 493; Nieves v. United States, supra).
The language of the statute required petitioner to waive his constitutional right to a trial by jury in order to be considered for youthful offender treatment. No alternative was open to him or to the court under section 913-g (subd. 3) of the Code of Criminal Procedure unless he wished to stand trial on the *203 felony indictment. This in effect is a Hobson’s choice, analogous to the waiver of immunity cases cited above and Spevack v. Klein (385 U. S. 511). As such it is not a waiver of the constitutional right to trial by jury voluntarily given.
Section 913-g (subd. 3) of the Code of Criminal Procedure is, therefore, unconstitutional to the extent that it requires a defendant to waive a right to a jury trial in order to be examined and investigated for youthful offender treatment. Section 913-h is unconstitutional insofar as it requires trial by the court alone. Nothing herein should be construed to mean that a person recommended and approved for youthful offender treatment may not thereafter waive his right to trial by jury as prescribed by the Constitution of the State of New York.
It has been argued that the privacy of proceedings provided by section 913-k of the Code of Criminal Procedure will be violated in the event of a jury trial and that there are no provisions in the law with respect to how such a trial would be held. There is no reason why a petit jury could not be sworn to secrecy just as a grand jury is sworn. Nor is there any lack of inherent power in the Supreme Court of the State of New York or the County Courts to adopt rules with respect to the exclusion of the general public from jury trials of youthful offenders. Some years ago when the Supreme Court announced its decision in Mapp v. Ohio (367 U. S. 643), there was no statute with respect to a motion to suppress evidence but the courts accepted such motions until the adoption of section 813-c et seg. of the Code of Criminal Procedure in 1962.
Since it is the opinion of this court that the consent given by petitioner was involuntary, the whole youthful offender proceeding is in the opinion of this court tainted with the same coercion and is null and void. The judgment of conviction and sentence as a youthful offender is, therefore, vacated and the petitioner is remanded to the County Court of Oswego County for further proceedings. The writ is granted.