■     In the Matter of SAMUEL LEFRAK et al., as Executors of HARRY LEFRAK, Deceased, Appellants, v MARIO A. PROCACCINO et al., Constituting the State Tax Commission, Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered July 30, 1975 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, for a judgment compelling respondents to pay to the petitioner estate the accrued interest on an overpayment of New York State Estate taxes in the sum of $900,000. Petitioners are the coexecutors of the estate of Harry Lefrak who died on July 1, 1963. On December 31, 1963 they made an anticipatory or temporary payment on the New York Estate tax in the amount of $1,500,000 pursuant to section 249-z of the Tax Law. On December 11, 1964 the appropriate Surrogate issued an order finding the amount of the tax due as the sum of $104,387.20. By letter dated January 12, 1965 the petitioners made a timely application for a refund of the difference between the amount paid in anticipation and the amount fixed by the Surrogate. No refund was made until March 22, 1972 prior to which the Surrogate had issued an amended order fixing the tax in the sum of $411,382.95. On May 1, 1973 the petitioners made their first demand for interest on the excess payment from December 31, 1963. On June 17, 1974 the respondents advised petitioners that no administrative hearings could be held as none were authorized by statute and that prior communications as to interest were not to be deemed final determinations. On October 16, 1974 the petitioners instituted this article 78 proceeding in the nature of mandamus seeking a judgment compelling respondents to pay interest. Special Term found that, as a matter of law, the petitioners were not entitled to interest and dismissed the petition. Among other things, the respondents in their answer raised the issue of timeliness—laches—and although Special Term did not reach that issue, respondents again raised the issue upon this appeal. Assuming for present purposes that the time for making a demand commenced to run on March 22, 1972 which is the latest date that could

remotely be considered as the time when petitioners knew that interest was not going to be paid, their demand for interest was not made until May 1, 1973 which is well over one year of delay. Petitioners have offered no excuse for such delay *(Matter of Pfingst v Levitt,* 44 AD2d 157, mot for lv to app den 34 NY2d 518) and it would be impossible to believe that immediately upon receipt of the refund the question of interest amounting to nearly one million dollars would not have been noted by the fiduciaries. The rule as to mandamus and the time limitation of CPLR 217 is that a demand must be made within a reasonable time from the date when the alleged erroneous or illegal act was or should have been discovered. (See *Austin v Board of Higher Educ.,* 5 NY2d 430, 442; *Matter of Kleinman v Kaplan,* 20 AD2d 594.) Under the circumstances disclosed in this case, the delay of the petitioners in making an initial demand for over a year bars an article 78 proceeding for judgment directing the respondents to perform an alleged duty. The further contention of the petitioners that the proceeding should be converted into an action for money had and received cannot be followed in this case. Assuming that the action could be considered as one for money had and received, the action would be against the State of New York and, accordingly, the jurisdiction would be in the Court of Claims. For the above reasons we do not reach the merits of whether or not interest is or must be payable for any part or all of the time during which the respondents did not make a refund of the overpayment. Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Herlihy and Reynolds, JJ., concur.