JOSEPH P. PFINGST, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 59863.)

Third Department, April 28, 1977

*Joseph P. Pfingst,* appellant in person.

*Louis J. Lefkowitz, Attorney-General (Douglas S. Dales, Jr.,* and *Ruth Kessler Toch* of counsel), for respondent.

*Per Curiam.* The claimant was a duly elected Justice of the Supreme Court of the State of New York, having been elected to that position in 1968. In 1972 he was convicted upon charges of bankruptcy fraud, a felony, in the United States District for the Eastern District of New York for acts committed while the claimant was a practicing attorney in 1966. The conviction was affirmed by the United States Court of Appeals for the Second Circuit (477 F2d 177) and a petition for a writ of certiorari was denied by the Supreme Court of the United States (412 US 941). Thereafter, on July 3, 1973, claimant moved for a new trial. The motion was denied after a six-day hearing and the denial was affirmed by the Second Circuit on December 17, 1973. Charges were filed against the claimant in the Court on the Judiciary in May, 1973 and on May 15, 1973, after the Court on the Judiciary had duly convened, a statement of charges was served on the claimant along with an order which, in pertinent part, provided: "is suspended without pay from the exercise of his office pending the conclusion of these proceedings, subject to the right of Joseph P. Pfingst to receive the salary of his office during the period of this suspension in the event of the ultimate dismissal of the charges herein preferred or to be preferred."

On December 29, 1973, some 12 days after claimant's last postconviction remedy proved fruitless, the Court on the Judiciary removed claimant from his position as a New York State Supreme Court Justice.

Claimant seeks through this action to recover the salary withheld from May 15, 1973, the date the order of suspension was served, until December 29, 1973, the date upon which claimant was removed from office. Claimant moved for summary judgment after commencement of the action and the State cross-moved to dismiss asserting *res judicata,* lack of jurisdiction of the subject matter and that the claim failed to state a cause of action.

We find no merit to the State's first two assertions. The contention of the State that the prior article 78 proceeding *(Matter of Pfingst v Levitt,* 44 AD2d 157, mot for lv to app den 34 NY2d 518) was *res judicata* as to the merits of this claim is barren of any merit. The only issues resolved there were whether an article 78 proceeding was the proper vehicle to use where petitioner sought to recover unpaid salary from the

date of his Federal felony conviction to the date of his suspension by the Court on the Judiciary and, if so, whether the proceeding had been timely commenced.

We likewise find no merit to the jurisdictional issue. The claimant has been removed from office. Under the applicable statutes the State is liable for the payment of a portion of the salary of that office from which this claimant contends he was prematurely and illegally removed. It necessarily follows that the Court of Claims had jurisdiction of the subject matter of the action, since that court, in fact, is the only forum in which the State has consented to be sued *(Friedman v State of New York,* 24 NY2d 528. See, also, *Matter of Fehlhaber v O'Hara,* 53 AD2d 746, 747; *Matter of Lefrak v Procaccino,* 52 AD2d 1016, 1017).

The real and the dispositive issue is whether or not the order of the Court on the Judiciary suspending payment of claimant's salary pending the final determination of the charges by that court was constitutionally permissible. Subdivision d of section 22 of article VI of the New York State Constitution provides in pertinent part: "the court in its discretion may suspend the judge or justice from the exercise of his office pending the determination of the removal * * * proceedings before the court." Concededly, no express power to suspend salary is provided but it is, of course, a fundamental rule of construction that the real intent of a provision when ascertained controls over the literal sense of the words (see McKinney's Cons Laws of NY, Book 2, Constitution, Rules of Interpretation. Rule 1 and cases cited). Further, of primary importance in the construction of Constitutions is the rule which imposes upon the courts to give practical effect to constitutional provisions *(Matter of Fay,* 291 NY 198). Such a provision is to be construed liberally and with regard to its fundamental aim and object, and not with the acute verbal criticism to which a penal ordinance is properly subjected *(People v Tremaine,* 252 NY 27) and should receive a fair and liberal construction, not only according to its letter, but also according to its spirit and the general purposes of its enactment *(People ex rel. McClelland v Roberts,* 148 NY 360). It is a cardinal rule of construction that no part of the Constitution should be construed so as to defeat its purpose or the intent of the people adopting it *(People v Carroll,* 7 Misc 2d 581, affd 4 AD2d 537, affd 3 NY2d 686). The clear and unmistakable intent and purpose of subdivision d of section 22 of article VI

and its companion provisions was to protect the integrity of judicial office and to compel and assure high standards of judicial conduct from members of the judiciary. Broad and sweeping powers were granted to the Court on the Judiciary to accomplish this purpose and inherent therein was the power to suspend salary pending final determination of disciplinary proceedings by that court. Any other interpretation or construction would frustrate and subvert the purpose for which the challenged provision was framed and adopted.

Nonetheless, claimant contends that subdivision a of section 25 of article VI and section 7 of article XIII of the New York State Constitution constitute a bar to the conditional suspension of his salary pending final determination. First of all, neither section expressly proscribes suspension of salary and their primary purpose was to prevent the various legislative bodies concerned from exercising unwarranted influence over certain officials through their power to control the expenditures of public moneys. There was no intent that these provisions be used to harness or inhibit the workings of the Court on the Judiciary. If the claimant's interpretation were to prevail, a Judge convicted of a Federal felony could, while in jail, demand his salary from the taxpayers (albeit for a short period pending conclusion of removal proceedings). Such a result is unthinkable (cf. *Matter of Schwietzer,* 29 NY2d [bb]).

The order should be affirmed, with costs.

KOREMAN, P. J., MAHONEY, MAIN and LARKIN, JJ., concur; HERLIHY, J., not taking part.

Order affirmed, with costs.