OPINION OF THE COURT
Oscar Murov, J.
Plaintiffs brought this action to obtain judgment declaring the illegal, improper and ineffective reassessment of their properties pursuant to the prior provisions of sections 554 and 556 of the Real Property Tax Law.
It appears that plaintiffs’ lands were condemned. It further appears that the Town of Islip, during or about June, 1972, discovered that an increase in assessment of plaintiffs’ lands *586 had been omitted from the 1970-1971 and 1971-1972 tax rolls. Defendant, County of Suffolk, purported to readjust, compromise and grant refunds and chargebacks of the assessments by its resolution 722 that year. Tlie ultimate amounts were then collected by deducting same from monetary awards to plaintiffs in condemnation.
The Town of Islip never served or otherwise personally notified plaintiffs of its proposed reassessments although it is averred that plaintiffs were notified of the error and that an assessment would be forthcoming. Naturally, plaintiffs contend that the reassessment of plaintiffs’ properties was procedurally defective and improper, as was defendant’s retention of moneys from plaintiffs from their condemnation award. The court agrees.
The town’s action was governed by the provisions of the then section 554 of the Real Property Tax Law which provides, inter alla, for the addition of omitted property to an assessment roll by the board of supervisors on petition of the assessors, and for certain mandatory provisions for notice and hearing (see Matter of Town of Brookhaven, 78 Misc 2d 499, 508). Such notice and hearing requirements satisfy due process requirements (see Western N. Y. & Pa. Ry. Co. v City of Buffalo, 176 Misc 350, affd 264 App Div 832, affd 290 NY 702).
The assessment and collection of a tax without adequate notice to the owner is taking property without due process of law (Cooley, Taxation [3d ed], pp 625-626). "The general theory under our laws for taxation of property is, that the citizen to be affected must have some sort of notice of the proceeding to be had against his property, and that, in some form, he may be heard, if wrong is apprehended, before any portion of his estate is seized for the support of government” (Overing v Foote, 65 NY 263, 269). Taxpayers have an absolute right to be heard before some officer or tribunal authorized to correct errors, and unless this right is afforded, any attempt at taxation is neither binding up(jn him personally nor a charge against his property (Matter of Douglas v Board of Supervisors of County of Westchester, 172 NY 309; see, also, 2 Opns St Comp, 1946, p 696).
Here, clearly, the mandates of section 554 of the Real Property Tax Law and, also, the due process requirements, in general, were not adhered to, and, accordingly, the assessments in question were a nullity and a judgment is to be *587 entered, accordingly, directing refund of moneys withheld with interest.