STATE OF MAINE                                SUPERIOR COURT
                                              CIVIL ACTION
KENNEBEC, ss.                                 DOCKET NO. AP-03-45


JOHN W. VOORHEES,

        Plaintiff

        v.                                    **DECISION AND ORDER**

SAGADAHOC COUNTY,

        Defendant


This matter is before the court on plaintiff's complaint for judicial review of

governmental action pursuant to M.R. Civ. P. 80B joined with independent action. The

matter before the court is the first amended complaint.

Plaintiff requests judicial review of a governmental action and joins with that

complaint an independent action under Article VI, § 2 of the Constitution of the State of

Maine. The plaintiff is a Sagadahoc County Probate Judge who has three times been

elected to that position. Because of the job requirement by Sagadahoc County, and State

of Maine law, that the Probate Judge be on call 24 hours a day, seven days a week, for

emergency legal matters, plaintiff claims he is not a part-time employee of the County.

Accordingly, when, on June 10, 2003, the County Commissioners voted to eliminate the

plaintiff's health insurance benefits effective December 31, 2004 at the end of a term of

office, the plaintiff claims this to be a clear violation of the Judicial Compensation

Clause of Article VI, § 2 of the Maine Constitution. He further asserts that the County

Commissioners' decision was not supported by substantial evidence on the whole

record, is arbitrary and capricious, characterized by abuse of discretion, and concluded

an incorrect classification of the plaintiff's position as only part-time. Secondly,

defendant claims that the violation of the Constitution has interfered with plaintiff's constitutional right under the Judicial Compensation Clause.

The defendant provides a history of the implementation of health insurance benefits for part-time elected officials and full-time employees up to the action of June 10, 2003, when the Commissioners, upon recommendation of their Budget Advisory Committee, unanimously voted to eliminate health insurance benefits for part-time elected officials at the end of the current term of office in December, 2004. Defendant's first argument is that the plaintiff is not a full-time employee. Secondly, the defendant questions whether health insurance is a "compensation" noting that precedents relied upon by the plaintiff are all Title VII cases. Finally, the Commissioners argue that the constitutional provision applies to elected probate judges while they continue in office for an elected term, but not beyond that term. They cite cases making it clear that the legislative body has the power of the purse, the right to control salary and benefits.

While both sides have argued the issue of part-time versus full-time employees and the plaintiff presents information as to the exemplary record of the plaintiff in performance of his duties, this court does not have the luxury to determine the relative position of the parties on the evidentiary merits. This court's sole role is to interpret the controlling language. Whether the Commissioners' action is in accordance with the law or a violation of the plaintiff's constitutional rights, all of the plaintiff's challenges to the Commissioners' action are founded upon the constitutional provision.

The most comprehensive contemporary discussion of the Maine Constitution in regard to judicial compensation is contained in the *Matter of John W. Benoit, Jr.,* 487 A.2d 1158 (Me. 1985). Article III, § 1 of the Constitution of the United States is titled, "Judicial Powers; Tenure of Office." It provides:

> The judicial power of the United States, shall be vested in one Supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish. The judges, both of the Supreme and inferior Courts, shall hold their Offices during good Behavior, and shall, at stated Times, receive for their Services, a Compensation, which shall not be diminished during their Continuance in Office.

This provides the basis for United States judges to serve for life, "during good Behavior," and shall not be subject to a reduction in their compensation during their continuance in office. Article VI, § 2 of the Maine Constitution reads:

> The Justices of the Supreme Judicial Curt and the Judges of other courts shall, at stated times receive a compensation, which shall not be diminished during their continuance in office; but they shall receive no other fee or reward for their services as Justices or Judges.

*Benoit* further tells us, "The drafters of the Maine Constitution mandated a strict separation between the legislative, executive, and judicial branches of government. Quoting *State v. Hunter,* 447 A.2d 797 (Me. 1982). *Benoit* further tells us:

> The drafters especially intended that an independent judiciary interpret and administer the laws of the state. In their address to the people of Maine, the delegates to the Constitutional Convention of 1819 expounded:
>
>> On a pure, intelligent, upright, and independent judiciary, the people more immediately depend for the impartial interpretations and administration of the laws, and for protection in the enjoyment of their rights and privileges.

Debates and Journal of the Constitutional Convention of the State of Maine (1819-1820) 109-110 (1894).

> It is within that framework that we interpret our constitutional provision that judges' compensation 'shall not be diminished during their continuance in office.' Me. Const. art. VI, § 2. The legislature sets judges' salaries and appropriates the funds to pay them. It is apparent that the compensation clause constitutes a constitutional mandate that the legislature fix salaries to be payable to judges 'at stated times' and that the *legislature* not diminish that compensation during their continuance in judicial office. Article VI, § 2 prohibits only legislative action.
>
> The original understanding of the purpose of the nearly identical compensation clause of the United States Constitution, n22 from which Maine's compensation clause is directly derived, n23 confirms the fact that

those clauses are designed to protect the separate Third Branch from the legislative powers of the purse. In Federalist Paper No. 79, Alexander Hamilton explained the rationale for the compensation clause in the federal constitution:

> In the general course of human nature, *a power over a man's subsistence amounts to a power over his will.* And we can never hope to see realized in practice, he complete separation of the judicial from the legislative power, in any system which leaves the former dependent for pecuniary resources on the occasional grants of the latter . . . The plan of the convention accordingly has provided that the judges of the United States 'shall at *stated times* receive for their services a compensation which shall not be *diminished* during their continuance in office.'

> ... The salaries of judicial officers may from time to time be altered, as occasion shall required, yet so as never to lessen the allowance with which any particular judge comes into office, in respect to him.

The *Benoit* court further made reference to an interpretation by the State of New York in a similar compensation clause in its Constitution by quoting the following language:

> Adopted to guarantee the separation of powers between the judicial and legislative branches of government by insulating the judiciary from the influence that might be exercised by the Legislature through its powers over the expenditure of public funds, it was designed solely to prevent legislation reducing the Judge's salary *during his term of office.*

(Emphasis supplied). *Matter of Pfingst*, 33 N.Y.2d (), (aa) (Ct. Jud. 1974), *aff'd* 57 A.D.2d 163, 393 N.Y.S.2d 803 (3d Dept. 1977).

It is clear that the drafters of the Maine Constitution adopted similar language to the United States Constitution and for the same reason that it was written in the United States Constitution. For purposes of interpretation, the court finds no distinction between the action of the County Commissioners acting in their legislative capacity and the Maine State Legislature. The difference between the United States Constitution and

the State of Maine Constitution in its application, in the instant case, is caused by the difference of tenure in office of the probate judge.

The Maine Constitution, Article VI, § 4 provides that all judicial officers shall be appointed by the Governor and to hold their offices for the term of seven years. The Maine Constitution, Article VI, § 6 provides judges of probate shall be elected and shall hold their offices for a term of four years. What, then, is an appropriate interpretation of the intent of the Constitutional Convention to include the terms "continuance in office" as it might be applied to the State of Maine with its yearly terms rather than the United States with its lifetime term?

Common sense and the practical application of proceedings under our elective system tells us that the person elected for a term of years, while he or she may be reelected and thereby "continue" in the position, does not have a "continuance in office" as it is stated in the Constitution. Each election is a separate transaction; each appointment by the Governor is a separate transaction. Each election requires a new consideration by the electorate; each appointment requires a new consideration by the Governor. An oath of office taken for a first term in office is not effective for a second term in office inasmuch as the person achieving reelection, must, again, take an oath of office. A person reelected cannot rely upon the statutory requirements of qualification of office as certified by the recorded vote from the second term as it was created for the first term. A new qualification for office must become part of the record.

Plaintiff suggests that the language in the Constitution of other states containing a prohibition against diminution of compensation during, "The term for which he has been elected," distinguishes itself from the language in the Maine Constitution. Obviously, that is more precise. However, in reviewing the language of a case cited by the plaintiff from the State of Illinois, *Winokur v. Bakalis*, 84 Ill. App. 3d 922; 405 N.E.2d

For all the reasons stated herein, the entry will be:

The decision of the Sagadahoc County Commissioners of June 10, 2003, to eliminate the health insurance benefit effective December 31, 2004, from the position of Sagadahoc County Probate Judge is AFFIRMED.

Dated: May___4___, 2005

Donald H. Marden
Justice, Superior Court

Date Filed __7/10/03__ __Kennebec__ Docket No. __AP03-45__

County

Action __Petition for Review__

80B

# J. MARDEN

__John W. Voorhees__ VS. __Sagadahoc County__

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| David G. Webbert, Esq.<br>160 Capital Street<br>P.O. Box 79<br>Augusta, Maine 04332-0079 | Geoffrey Hole, Esq.<br>PO Box 9729<br>Portland ME 04104-5029 |

| Date of Entry | |
|---|---|
| 7/11/03 | Complaint for Judicial Review of Governmental Action (Rule 80B) Joined with Independent Action, filed. s/Webbert, Esq. (filed 7/10/03) |
| 7/21/03 | Plaintiff's Rule 80B(i) Motion Requesting the Court to Specify the Future Course of Proceedings, filed. s/Webbert, Esq. (filed 7/18/03)<br>Proposed Order, filed. |
| ------- | Original Summons with return service made upon Sagadahoc County on 7/18/03 |
| 7/30/03 | Answer to Complaint and no objection to Motion to Stay Proceedings, filed. s/G. Hole, Esq.<br><br>Notice of setting for __11/25/03__<br><br>sent to attorneys of record. |
| 11/24/03 | ORDER, Marden, J.<br>All actions stayed until December 31, 2003. Parties must file proposed course of proceedings on or before December 31, 2003.<br>Copies mailed to attys of record. |
| 12/31/03 | Plaintiff's Supplemental Rule 80B(i) Motion Requesting the Court to Specify the Future Course of Proceeding with Proposed Order, filed. s/D. Webbert, Esq. |
| 1/30/04 | Plaintiff's Motion for Leave to File First Amended Complaint, filed. s/Webbert, Esq.<br>First Amended Complaint for Judicial Review of Governmental Action (Rule 80B) Joined with Independent Action, filed. s/Webbert, Esq.<br>Proposed Order, filed. |
| 4/8/04 | Plaintiff's Consent Motion Requesting the Court to Specify the Future Cour: of Proceedings, filed. s/Webbert, Esq.<br>Proposed Order, filed. |

| Date of Entry | |
|---|---|

**4/12/04** — ORDER SPECIFYING FUTURE COURSE OF PROCEEDINGS, Marden, J. (dated 4/8/04) (1) Parties shall complete discovery or agree upon a stipulated record by July 1, 2004; (2) Plaintiff shall file his brief by August 1, 2004; (3) the Defendant shall file its brief by September 1, 2004; and (4) Plaintiff shall file his reply brief by September 15, 2004. Copies mailed to attys of reccord.

**7/28/04** — Plaintiff's Consent Motion to Amend Briefing Schedule, filed. s/Webbert, Esq
Proposed Order, filed.

**8/5/04** — Plaintiff's Supplemental Consent Motion to Amend Briefing Schedule, filed s/Webbert, Esq.
Proposed Order, filed.

**8/6/04** — ORDER dated 8/2/04, filed. s/Marden, J.
Motion Granted. Plaintiff shall file brief by August 9, 2004. the defendant shall file is brief by September 9, 2004 and Reply Brief by September 23, 2004. Copies issued to counsel of record.

**8/16/04** — Plaintiff's Brief, filed. s/Webbert, Esq.
Parties' Stipulated Record, filed.

**9/20/04** — Defendant's Brief, filed. s/Hole, Esq.

**9/27/04** — Plaintiff's Consent Motion to Enlarge Time for Reply Brief, filed. s/Webbert, Esq.
Proposed Order, filed.

**9/28/04** — ORDER ON MOTION FOR ENLARGEMENT, Marden, J.
Reply brief due by October 14, 2004.
Copies mailed to attys.

**10/14/04** — Plaintiff's Supplemental Consent Motion to Enlarge Time for Reply Brief, filed. s/Webbert, Esq.
Proposed Order, filed.

**10/19/04** — ORDER, Marden, J.
Plaintiff shall file his reply brief by October 21, 2004.
Copies mailed to attys.

**10/21/04** — Plaintiff's Reply Brief, filed. s/Webbert, Esq.

Notice of setting for_ 11/3/04 _

sent to attorneys of record.

**11/3/04** — Hearing had with the Hon. Justice Donald Marden, presiding. Tammy Drouin, CR
David Webbert, Esq. for the Plaintiff and Geoffrey Hole, Esq. for the Defendant.
Oral arguments made to the court. Court to take matter under advisement.

**5/6/05** — DECISION AND ORDER, Marden, J.

For all the reasons stated herein, the entry will be:
The decison of the Sagadahoc County Commissioners of June 10, 2003, to eliminate the health insurance benefit effective December 31, 2004, from the position of Sagadahoc County Probate Judge is AFFIRMED.
Copies mailed to attys. of record
Copies mailed to Donald Goss, Deborah Firestone and Garbrecht Law Library