THE PEOPLE OF THE STATE OF NEW YORK ex rel. INTERNATIONAL HYDRO-ELECTRIC CORPORATION, Relator, *v.* GEORGE O. PODVIN and Others, Constituting the Board of Trustees of the Village of South Glens Falls, Saratoga County, N. Y., Respondents.

Supreme Court, Saratoga County, July 12, 1939.

McPhillips, Fitzgerald & McCarthy [James McPhillips and
C. E. Fitzgerald of counsel], for the relator.

Walter A. Chambers, for the respondents.

BREWSTER, J.   The change in the statute wrought in 1927
respecting the preparation of a village assessment roll and the
correction of errors and omissions therein, was radical.   I refer,
particularly, (a) to the repeal of former section 104 of the Village
Law which was derived from the old Village Law  (Laws of 1897,
chap. 414), and former section 109-a, which had been added later
(Laws of 1922, chap. 509; as amd. by Laws of 1925, chap. 305),
and (b) the  present enactments of like numbered  sections (Laws
of 1927, chap. 650).

As regards the preparation of the village assessment roll the
change may be briefly stated as follows: formerly, in the case of a
village wholly within a town, and of the third or fourth class, or
where there was no separate board of assessors, the assessors or the
board of trustees, were given power to adopt, and upon adoption of a
proposition therefor at an annual election, were obliged to adopt,
the last preceding year's assessment roll of the town (wherein the
village was situate) as the basis of the village assessment roll,
so far as practicable.   Now (under the new and present enactment)
there is the simpler provision that in the case of any village its
board of trustees may " authorize " the assessors to use the town
roll of the current year as the basis for assessment so far as
practicable.

Power to adopt and requirement to adopt, the town roll as the
basis of the village roll, in the case of certain villages, was formerly
the law, whereas, we now have, in the case of all villages, only a
provision for giving permission for its use as such a basis.   When
under the former law the " adoption " took place, the town roll,
as respects description and valuations, thus practically became the
content of the village roll save in the isolated cases of impracticality
due to changes in ownership or physical alterations of the property
to be assessed.   Now the content of the town roll may not be thus
imposed.   In a proper case the assessors may, if they see fit, use
it as a basis whenever practicable.

To me it appears evident that the greatest change affected by
the new enactment was the elimination of the provisions for a
compulsory use of the town roll as the basis of the village roll.
The present provision for its permitted use as such must then be
construed in the light of that elimination, and of what was intended

thereby. So considered I may not by construction read back into the new enactment that which was thus abolished. Thus I cannot hold to the view that there is any particular requirement or limitation upon the assessors as regards the manner by or the extent to which they shall use the town roll as a foundation in making up the village roll. They may, as I view it, use it to the extent their judgment directs — all or nearly all of it, little of it or none of it.

So, in the instant case, it is my view that the assessors were not bound to adopt the valuation placed upon relator's property as it appeared on the town roll even though generally they found it practical to and did use the valuations recorded thereon as the foundation for the roll they were preparing. The foregoing observations have seemed necessary in order to judge the legality of what followed.

The proof is that by inadvertence the respondents' assessors did not discover the decrease in the valuation of the relator's property upon the current town roll until after their clerk had copied it on to the village roll and they had completed its preparation and filed it with the village clerk. Shortly after they discovered such situation they proceeded to have their mistake rectified by following the provisions of section 109-a of the present Village Law. The re-enactment of this section in 1927 (Laws of 1927, chap. 650) made it applicable generally. The proof is that but for their inadvertence relator's property would have been assessed by them on the roll they prepared at $350,000 instead of at $225,000 which had been copied from the town roll as aforesaid. It is my opinion that this was a " mistake " on their part such as is envisioned by the statute (Village Law, § 109-a) and that the subsequent procedure by them and respondents was in substantial compliance with the statutory provision designed to rectify and remedy it. The relator was given due and timely notice. Review or grievance day was held and continued throughout the later proceedings. In a sense the proceedings as regards relator's complaint that the valuation contended for by the assessors were too high, were merged with the proceedings by the assessors for the rectification of their mistake, and, by one decision the Board of Trustees corrected the error and at the same time sustained relator's contention in part by fixing the valuation in controversy at $300,000. I find nothing in the statute which interdicts such procedure. nor elsewhere which required the technical nicety of separate decisions.

A decision may, therefore, be entered dismissing the writ in so far as concerns the issue which was arranged for separate trial by stipulation of the parties and order thereon of January 17, 1929.

Settle decision on notice.