■ In the Matter of TOWN OF OXFORD, Appellant, v. CHENANGO COUNTY BOARD OF SUPERVISORS, Respondent.— GIBSON, P. J. Appeal from an order of the Supreme Court at Special Term which dismissed the petition in a proceeding brought under article 78 of the Civil Practice Law and Rules (1) to review a determination of respondent Board of Supervisors denying the application of petitioner town for a tax credit in adjustment of alleged overpayments of taxes resulting from erroneous computations of the equalization rate due to a claimed clerical error whereby a sum in the amount of veterans' exempt property was deducted twice from the total of taxable properties, thus effecting a reduction from the true equalization rate; and (2) to require the granting of a tax adjustment accordingly. A "clerical error * * * made by the county equalization agency" (in this case the Board of Supervisors), whereby "injustice has been done" to a city or town, may be corrected by the board of supervisors or if correction cannot be made before the tax levy, the excess collected by reason of the error "shall be subtracted * * * from * * * the next county tax levy in such city or town". (Real Property Tax Law, § 808.) There is no substantial dispute as to the basic facts. One of the town assessors filed with the State Board of Equalization and Assessment a report of taxable property which properly excluded veterans' exempt property. A clerk in the office of the board's director of research and statistics subsequently telephoned the assessor to inquire whether the exempt properties were included in the total. Following this conversation, the amount of the veterans' exemptions was deducted for the second time and the error complained of thus occurred.

Whether the clerk misunderstood the assessor or the assessor misunderstood her is unimportant, as the result was purely error, whether or not it be deemed " clerical ". The Director of the County Tax Department subsequently received from the State Board what his affidavit terms " the tentative equalization rate ". This, according to his practice, he " considers and checks ", on the basis of the variety of information available to him, after which he " passes it on " to the Board of Supervisors, acting as the equalization agency, which then establishes the county equalization rate for each city and town (Real Property Tax Law, § 804). In this case, the rate fixed was that computed by the State Board and there is no intimation that, in practice, the director ever recommends, or the board ever establishes a different rate. In any event, it is evident that, in legal and practical effect, the county equalization agency, in adopting the State agency's computations, adopted the error underlying them; and, indeed, the inference thereof which follows from petitioner's detailed proof stands uncontradicted by any evidentiary showing that the county authorities made any separate or independent computations; or, by the use of any other or additional factors, changed in any respect the erroneous basis of the State agency's rate calculation. It seems clear that the error was " clerical ", consisting, as it did, of a duplicative entry or calculation, no different from that which would have ensued from an error in copying the same figure twice or striking the same key twice while operating an accounting machine. The error was not the result of consideration or mistaken judgment; it was indisputable and readily apparent upon inspection of the underlying data. (See *Matter of Hermance* v. *Board of Supervisors,* 71 N. Y. 481, 486.) Surely, it could not be said that if the error arose from a misunderstood or indistinctly transmitted telephone message, it was different from one occurring in copying a blurred or indistinct handwritten figure. It seems equally apparent that if the county agency adopted the State's figure, without independent consideration, it made the error its own; and the result is no different, and is, perhaps, even more strongly demanded, if full credence be given the county's assertion that, technically, it establishes its own equalization rates, since there is, of course, no claim that the repetitive error resulted from the exercise of any judgment or consideration by the county. Respondent contends that this proceeding was not timely commenced and that appellant's sole remedy was an appeal to the State Board, within 30 days (Real Property Tax Law, § 812); but section 808, above quoted, permits corrective action by the Board of Supervisors within two years and, absent any indication that review of the board's action within the extended period is interdicted, this application in the nature of mandamus seems to us appropriate. (See *Williams* v. *Board of Supervisors,* 78 N. Y. 561; *Matter of New York Catholic Protectory,* 77 N. Y. 342; *Matter of Buffalo Audio Center Arrolite Co.* v. *Union Free School Dist.,* 29 Misc 2d 871, affd. 15 A D 2d 991; 22 Carmody-Wait, New York Practice, § 87, p. 190.) Order reversed, on the law and the facts, and application granted, with costs. Settle order. Herlihy, Taylor, Aulisi and Hamm, JJ., concur.