Irving H. Saypol, J.
Upon the foregoing papers this application for judgment (CPLR art 78) seeks the restoration of the *253 benefits provided by section 174.01 of the New York City Charter, which affords an exemption of 50% real estate tax on property owned by senior citizens, viz. over 65 years old. The petitioner having so applied was granted the exemption on May 13, 1970, according to her application stating, within the expressed requirement of the statute, that her title to the property extended back for at least 60 consecutive months. Actually, the fact is that the record title between January 23, 1952 and April 6, 1973, included a one-third interest in her son Eric. At the latter date he conveyed his interest to his mother.
Because Eric was under 65 years of age, the exemption was withdrawn. Here the petitioners seek to restore the exemption by annuling the restoration of the property to full taxation and to cancel the tax bill for arrears of taxes for the years 1970-1973, presented to Eric. The petitioners contend here that Eric’s recorded interest was not a real interest, rather it was an accommodation to his parents at the insistence of the mortgagee. They say further that this mortgage was satisfied in 1963 and continued recordation after that of Eric’s fee interest was oversight.
Statutes creating exemption from taxation are strictly construed (People ex rel. New York Lodge No. 1 v Purdy, 179 App Div 805). "The legislative intention to exempt as applied to any particular state of facts must be clear and undoubted” (supra, p 809; see, also, Young Women’s Christian Assn. v City of New York, 217 App Div 406, 408; and Matter of Board of Educ. of City of Jamestown, 241 App Div 574, 576). "Taxation in this state takes account of nothing but legal title” (Manhattan Maternity & Dispensary v City of New York, NYLJ, Dec. 23, 1915, p 1090, col 1, affd 175 App Div 979).
The finance administrator is authorized to correct an assessment due to clerical error. A tax official's mistake of fact was held to be clerical error. (People ex rel. Nostrand v Wilson, 119 NY 515, 518; Matter of Town of Oxford v Chinango County Bd. of Supervisors, 23 AD2d 951; People ex rel. International Hydro-Elec. Corp. v Podvin, 171 Misc 785.)
The finance administrator acted properly. There is no scope for a hearing in the premises.
The petition is dismissed.