■ BELVISION INCORPORATED, Respondent, v M & G ELEC-TRONICS, INC., et al., Appellants.—In an action, *inter alia,* to recover damages for breach of contract and fraud, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Molloy, J.), dated October 24, 1986, as denied their motion for summary judgment dismissing certain of the causes of action asserted in the complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof which denied those branches of the defendant's motion which were for summary judgment dismissing the ninth, eleventh and twelfth causes of action, and substituting therefor a provision granting those breaches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff's failure to satisfy the "strictly enforced" pleading requirement of CPLR 3016 *(Gardner v Alexander*

*Rent-A-Car,* 28 AD2d 667) that, in an action to recover damages for libel or slander, "the particular words complained of shall be set forth in the complaint" (CPLR 3016 [a]) compels the dismissal of the plaintiff's ninth, eleventh and twelfth causes of action, the gravamen of which, the plaintiff concedes, "is defamation of character". The vague and conclusory allegations that the defendants have made false statements in the electronics jobbers' community which negatively reflect on the plaintiff's reliability and solvency, do not comport with the minimum requirements of the statute *(see, Goldberg v Sitomer, Sitomer & Porges,* 97 AD2d 114, 117, *affd* 63 NY2d 831, *cert denied* 470 US 1028; *Alanthus Corp. v Travelers Ins. Co.,* 92 AD2d 830, 831).

However, the court of first instance did properly deny the defendants' motion as to the remaining causes of action to which it was directed since questions of fact remain unresolved as to those causes of action *(see, Andre v Pomeroy,* 35 NY2d 361). Mangano, J. P., Brown, Lawrence and Spatt, JJ., concur.