■ LEIDERMAN ASSOCIATES, Appellant, v ROBOTOOL LTD. et al., Respondents.—In an action for specific performance of an agreement to obtain corporate financing, the plaintiff appeals from an order of the Supreme Court, Nassau County (Kutner, J.), entered February 10, 1988, which, after a hearing, dismissed the complaint, without prejudice, for lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

A review of the credible evidence in the record supports the Supreme Court's conclusion that the defendant Colorado corporations did not transact business in New York within the meaning of CPLR 302 (a) (1). The testimony of the defendants' agent and the language of the letter agreement prepared by the plaintiff refute the plaintiff's contention that some or all of the terms of the agreement were negotiated at a single exploratory meeting of the parties in New York, and fail to establish a sufficient predicate for the exercise of personal jurisdiction *(see, e.g., Presidential Realty Corp. v Michael Sq. W.,* 44 NY2d 672). Moreover, the lack of purposeful activity by the defendants in New York demonstrates that the exercise of personal jurisdiction over them would not comport with notions of fair play and substantial justice *(see generally, Kreutter v McFadden Oil Corp.,* 71 NY2d 460). Thompson, J. P., Rubin, Sullivan and Balletta, JJ., concur.