■ PRECISION CONCEPTS, INC., Appellant, v DONALD BONSANTI et al., Respondents.—In an action, *inter alia,* to recover damages for misappropriation of trade secrets, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Underwood, J.), dated November 30, 1989, which, upon denying its motion for a preliminary injunction and granting the defendants' cross motions to dismiss the complaint, vacated a temporary restraining order and dismissed the complaint.

Ordered that the order and judgment is affirmed, with one bill of costs.

The defendants Donald Bonsanti and Joseph DiSanti are former employees of the plaintiff who are currently employed by the defendant Thermotec, Incorporated (hereinafter Thermotec), a Connecticut corporation. The defendant Enzo Del Brocco is the president of Thermotec and is a resident of Connecticut. The plaintiff commenced this action as against all of the defendants for misappropriation of trade secrets, diversion of corporate opportunity, tortious interference with economic advantage, and unfair competition, as against the defendants Bonsanti and DiSanti for breach of fiduciary duty, as against Bonsanti for prima facie tort, and as against Thermotec and Del Brocco for wrongful inducement to breach a fiduciary duty. The plaintiff subsequently moved to preliminarily enjoin the defendants from using, disseminating or disclosing any confidential information or trade secrets allegedly wrongfully obtained from it. All of the defendants cross-moved to dismiss the complaint for failure to state a cause of action, and Thermotec and Del Brocco also moved to dismiss the complaint for lack of in personam jurisdiction. The plaintiff's motion was denied, the cross motions were granted, and the complaint was dismissed. This appeal ensued.

In general, the complaint consists of a series of lengthy allegations regarding how the plaintiff's former employees gained knowledge of manufacturing processes which the plain-

tiff now classifies as secret, and used this knowledge to their own economic advantage as well as the economic advantage of their current employer, thereby placing the plaintiff at a disadvantage both economically and competitively. However, these allegations are, for the most part, conclusory in nature, and insufficient to sustain any of the causes of action asserted in the complaint in the face of the cross motions to dismiss.

"Where a cause of action * * * is based upon misrepresentation, fraud, mistake, willful default, breach of trust or undue influence, the circumstances constituting the wrong shall be stated in detail" (CPLR 3016 [b]). The several causes of action asserted in this complaint which are based upon such conduct consist merely of general allegations that the defendants Bonsanti and DiSanti purposefully delayed the completion of an assignment or arranged meetings with the plaintiff's competitors in order to take advantage of economic opportunities which rightfully belonged to the plaintiff, and contain no details as to how such economic advantage was purportedly achieved. The papers submitted in support of the cross motions to dismiss establish that the defendants' alleged misconduct did not result in any economic advantage to themselves, nor was it the cause of any economic disadvantage to the plaintiff.

With respect to the cause of action for misappropriation of trade secrets, the plaintiff failed to sufficiently assert that the knowledge and information that Bonsanti and DiSanti brought with them to their new employer was obtained from it instead of from Corometrics Medical Systems, Inc., a corporation with which Bonsanti was associated before he began his employment with the plaintiff. For this reason also, the complaint fails to state a cause of action for unfair competition (see, Dior v Milton, 9 Misc 2d 425, affd 2 AD2d 878). Moreover, with respect to the cause of action for misappropriation of trade secrets, the plaintiff did not sufficiently assert that it employed precautionary measures to preserve its allegedly exclusive knowledge of the manufacturing process at issue so as to actually render it a trade secret (see, Restatement of Torts § 757, comment b [1939]; Delta Filter Corp. v Morin, 108 AD2d 991; see also, Advance Biofactures Corp. v Greenberg, 103 AD2d 834). Finally, the plaintiff improperly used its cause of action entitled "prima facie tort" as a "catch-all" under which it merely reiterated the allegations asserted under several of the previously-asserted causes of action (see, Gertler v Goodgold, 107 AD2d 481, 490, affd 66 NY2d 946).

Thermotec and Del Brocco were also entitled to dismissal of

the complaint as asserted against them on the basis that the court lacked in personam jurisdiction over them *(see,* CPLR 302). These nondomiciliary defendants did not transact business in this State within the meaning of CPLR 302 (a) (1) *(see, Kreutter v McFadden Oil Corp.,* 71 NY2d 460, 467; *Finesurgic Inc. v Davis,* 148 AD2d 414; *see also, Leiderman Assocs. v Robotool Ltd.,* 154 AD2d 515), the nondomiciliary defendants did not commit a tortious act within this State *(see,* CPLR 302 [a] [2]), and there is no evidence of any injury having been caused within the State by virtue of the nondomiciliary defendants' allegedly tortious conduct, other than indirect financial loss allegedly suffered by the plaintiff corporation which has its principal place of business in the State *(see,* CPLR 302 [a] [3]; *Fantis Foods v Standard Importing Co.,* 49 NY2d 317, 326). Finally, the plaintiff failed to establish that Bonsanti and DiSanti were agents of Thermotec and Del Brocco for jurisdictional purposes *(cf., Holmes v First Meridian Planning Corp.,* 155 AD2d 813).

In light of the foregoing, we conclude that the plaintiff's motion for a preliminary injunction was properly denied.

We have considered the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Brown, Miller and O'Brien, JJ., concur.