■ In the Matter of 1 TOMS POINT LANE CORPORATION, Respondent, v BOARD OF ASSESSORS et al., Respondents, and INCORPORATED VILLAGE OF MANORHAVEN, Nonparty Appellant. [658 NYS2d 348] —In a proceeding pursuant to Real Property Tax Law article 7, the Incorporated Village of Manorhaven appeals from a judgment of the Supreme Court, Nassau County (Ain, J.), entered April 12, 1996, which, *inter alia*, upon the stipulation of the parties, is in favor of the petitioner and against it, directing that it reimburse the petitioner for taxes paid by the petitioner to it for the period of June 1, 1988, through June 1, 1990, upon reductions in assessments of the real property owned by the petitioner in the Village of Manorhaven.

Ordered that the judgment is affirmed, with costs.

The petitioner 1 Toms Point Lane Corporation (hereinafter the Corporation) commenced a tax certiorari proceeding against the Board of Assessors and the Board of Assessment Review of the County of Nassau (hereinafter collectively the County) to review assessments made by the County of real property owned by the Corporation and located within the Village of Manorhaven (hereinafter Manorhaven). The County determined that the Corporation was entitled to a reduction in the assessment for the tax years 1988 through 1990. Pursuant to stipulation, the Corporation submitted to the Supreme Court a judgment which, inter alia, provided that Manorhaven would refund to the petitioner that portion of the taxes paid by it which are attributable to Manorhaven's tax levy.

Pursuant to RPTL 708 (3), Manorhaven was served with notice of the tax certiorari proceeding, although not a party to the proceeding (*see,* RPTL 708 [3]). Manorhaven moved to strike that portion of the proposed judgment which ordered it to refund to the petitioner the village taxes resulting from County assessment reductions. Manorhaven argued that since it had given up its assessing unit status in 1986 pursuant to RPTL 1402 (3) (enacted in 1983), and had relied completely upon the County assessment rolls in levying its taxes, the County should bear the responsibility for any refunds resulting from assessment reductions, just as it did for the towns, cities, and special and school districts within its boundaries, as required by Nassau County Administrative Code § 6-26.0 (b) (3) (c). That section, enacted in 1948, states in relevant part that, notwithstanding any other laws to the contrary, any deficiencies arising from a reduction in an assessment shall be a County charge.

The Supreme Court denied the motion, holding that as RPTL 1402 (3) did not exist at the time that Nassau County Administrative Code § 6-26.0 (b) (3) (c) was enacted, the overpayment of village taxes by reason of excessive assessments on the County rolls could not have been contemplated by the drafters of section 6-26.0 (b) (3) (c). Furthermore, the court noted that Manorhaven retained its taxing power. The court declined to expand the provisions of the Nassau County Administrative Code so as to include village tax refunds within the County's tax refund guaranty.

The Supreme Court properly declined to expand the Nassau County Administrative Code provisions to include village tax refunds within the County's tax refund guaranty under Nassau County Administrative Code § 6-26.0 (b) (3) (c). The Nassau County taxation scheme, as embodied in articles V and VI of the Nassau County Administrative Code, is a comprehensive process which provides the County with the authority to assess, levy and extend, collect, and refund taxes and assessments of towns, cities, and special and school districts within the County. The administrative code does not include villages within the taxation scheme. Village taxation is governed by, *inter alia,* RPTL 726 and various village laws which provide for the method of assessment, levying, collecting, and refunding taxes attributable to village real property assessments (*e.g.,* Village Law §§ 4-402, 17-1722; RPTL 726 [3]). While villages traditionally have been responsible for their own taxation process, upon the enactment of RPTL 1402 (3), villages were permitted to terminate their status as assessing units, allowing the town or county in which the village is located to assume the assessing duty. When Manorhaven became a non-assessing unit it relinquished the assessment function to the County. Nevertheless, Manorhaven does not dispute that it has retained its responsibility for the levying and collection of taxes. In addition, Manorhaven does not dispute the fact that it uses the tax revenues for general village purposes.

Prior to the enactment of RPTL 1402 (3), both the County and the villages therein made separate assessments of village real property. In enacting RPTL 1402 (3), the Legislature intended to eliminate the duplicative assessing function, thereby affording the villages some financial benefit. However, there is no indication that the Legislature also intended to burden the County with the added responsibility of refunding taxes which were collected by villages as a result of erroneous or excessive assessments. Had the Legislature so intended, it could have amended Nassau County Administrative Code

§ 6-26.0 specifically so as to include villages within the County's tax refund guaranty. At the same time, the Legislature could have amended RPTL 726 (3) to eliminate village refund responsibility. The Legislature failed to make any such amendments.

Moreover, since Manorhaven has collected the tax revenues and retains control of the funds, it is in the best position to refund any taxes which have been determined to be excessive. Under the circumstances, this Court will not expand the explicit language of Nassau County Administrative Code § 6-26.0 (b) (3) (c) to include villages within the County's tax refund guaranty, and the Supreme Court did not improvidently exercise its discretion in determining that tax refunds resulting from the reduction of real property assessments are the responsibility of the village in which the real property is located.

Manorhaven's remaining contentions are without merit. Bracken, J. P., Copertino, Santucci and Altman, JJ., concur.