■ BELLHAVEN NURSING CENTER, Respondent, v GLADYS M. ROTH, Defendant, and ALAN H. ROTH et al., Appellants. [720 NYS2d 794] —In an action, *inter alia*, to recover damages for fraud, the defendants Alan H. Roth and Gail Roth Barker appeal from an order of the Supreme Court, Suffolk County (D'Emilio, J.), entered December 27, 1999, which denied their motion to dismiss the complaint insofar as asserted against them on the ground, among others, of lack of personal jurisdiction.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint insofar as asserted against the defendants Alan H. Roth and Gail Roth Barker is dismissed for lack of personal jurisdiction.

The appellant Alan H. Roth resides and works in Massachusetts and the appellant Gail Roth Barker resides and works in California. In opposition to the appellants' motion to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction, the plaintiff submitted an attorney's affirmation together with certain documents in an attempt to establish that the court could exercise jurisdiction over the appellants pursuant to CPLR 302 (a) (1) and (3). Contrary to the appellants' contention, the court properly considered this documentary evidence (*see, Zuckerman v City of New York,* 49 NY2d 557, 563). However, this evidence did not establish a basis to exercise jurisdiction.

Jurisdiction was not obtained over the nondomiciliary appellants pursuant to CPLR 302 (a) (1) because the causes of action asserted against them did not arise from their transaction of business in New York (*see, Riblet Prods. Corp. v Nagy,* 191 AD2d 626; *Precision Concepts v Bonsanti,* 172 AD2d 737; *Storch v Vigneau,* 162 AD2d 241). There is also no basis for personal jurisdiction under CPLR 302 (a) (3) (*see, Ingraham v Carroll,* 90 NY2d 592; *Cliffstar Corp. v California Foods Corp.,* 254 AD2d 760; *Precision Concepts v Bonsanti, supra*).

In light of our determination, it is unnecessary to address the appellants' contentions regarding the other grounds for relief raised in their motion papers. Ritter, J. P., Altman, Friedmann and Smith, JJ., concur.