■ BOARD OF EDUCATION OF GLEN COVE CITY SCHOOL DISTRICT et al., Respondents, v NASSAU COUNTY, Appellant. [822 NYS2d 143]—

In an action, inter alia, for a judgment declaring that the levying of taxes by the defendant, Nassau County, against the residents of the Glen Cove City School District for purposes which include the payment of refunds attributable to tax certiorari proceedings involving all the other school districts in Nassau County, is arbitrary, capricious, and illegal, the defendant, Nassau County, appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (McCabe, J.), entered July 28, 2004, as granted that branch of the plaintiffs' motion which was for summary judgment enjoining it from levying the subject taxes and denied that branch of its cross motion which was, in effect, for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the cross motion which was, in effect, for summary judgment is granted, that branch of the motion which was for summary judgment enjoining the defendant, Nassau County, from levying the subject taxes is denied, and the matter is remitted to the Supreme Court, Nassau County, for entry of a judgment declaring that the levying of taxes by the defendant Nassau County against the residents of the Glen Cove City School District for purposes which include the payment of refunds attributable to tax certiorari proceedings involving all the other school districts in Nassau County is not arbitrary, capricious or illegal.

In Nassau County (hereinafter the County), pursuant to section 602 of the Nassau County Charter (hereinafter the Charter), the County assesses "all property, situated in the county and liable to taxation for state, county, town, school and/or special district purposes." The resulting assessment roll is used as the basis for the taxes imposed by all the County's school districts except the plaintiff Board of Education of the Glen Cove City School District (hereinafter the City School District).

The City School District, unlike all the other school districts in the County, does not use the County's assessment roll for the purpose of imposing its school district taxes. Rather, it uses the assessment roll of the nonparty City of Glen Cove (hereinafter the City) as a basis for calculating its school district taxes. Because the City School District's boundaries are coterminous with the City's, it is not a "school district" within the meaning of the Nassau County Administrative Code (*see* Nassau County

Administrative Code § 6-1.0 [5] [L 1939, ch 272, 701-709, as amended; hereinafter NCAC]). The City, in turn, although permitted to do so by section 608 of the Charter, does not use the County's assessment roll, but rather, assesses the relevant properties by using its own assessment roll.

Pursuant to NCAC § 6-26.0 (a), the County pays for tax refunds found to be owing as a result of, inter alia, certain tax certiorari proceedings (hereinafter the refund guarantee). The refund guarantee includes, among other things, refunds for overpayment of school district taxes when the overpayment was caused by errors in the County's real property assessment roll which was used as the basis for those school districts' taxes.

The cost of the refunds is a County charge pursuant to NCAC § 6-26.0 (b) (3) (c). The County charge is passed along to all County residents by way of County taxes. The County is not required to reimburse the City School District's taxpayers for moneys found to be due them because of errors in that City's assessment roll (*see generally Matter of 1 Toms Point Lane Corp. v Board of Assessors,* 239 AD2d 503, 504-505 [1997]).

In their complaint, the plaintiffs allege that the payments for the refunds are made "out of the general fund from taxes collected throughout the County, including the City of Glen Cove." They further allege that it is the County's practice not to tax localities for services they do not receive. Since they do not receive this service, i.e., the refunds, they contend the County should recognize this and not require them to pay for it. The plaintiffs sought judgment declaring that the levying of taxes by the County against the residents of the City School District for purposes which include the payment of the refunds, was arbitrary, capricious, and illegal, and directing the County to refund the amount of taxes they have previously paid which went towards the refunds. The Supreme Court granted their motion for summary judgment to the extent of enjoining the practice in the future and denied that branch of the County's cross motion which was for summary judgment. We disagree and therefore reverse the order appealed from.

There is no basis in law to exempt the individual plaintiffs from paying the portion of their County taxes which funds the County charge imposed by the New York State Legislature through the NCAC (*see* NCAC § 6-26.0 [a], [b] [3] [c]). The statutory language unambiguously makes the payments of the refunds a "county charge" which the County is mandated to pay (*see Matter of Bowery Sav. Bank v Board of Assessors of County of Nassau,* 80 NY2d 961, 964-965 [1992]). The mere fact that the individual plaintiffs may be unfairly affected by having

to pay the portion of the County taxes from which the refunds are distributed, while not being able at this time to directly benefit from them, is an insufficient basis for being exempted from paying such taxes (*see Heimbach v State of New York,* 89 AD2d 138, 149-152 [1982], *affd* 59 NY2d 891, 893 [1983]).

There is also no merit to the individual plaintiffs' claim that they are being treated differently from other property owners. The plaintiffs do not allege that they are being taxed or assessed by the County differently from any other property owner in Nassau County (*see Foss v City of Rochester,* 65 NY2d 247, 256-257 [1985]). That the individual plaintiffs may receive fewer benefits from the County than those received by other County taxpayers is insufficient to warrant the relief requested (*see Heimbach v State of New York, supra*). In this regard, it must be noted that the plaintiffs have explicitly asserted that they are not seeking to have the refund guarantee extended to include the School District of Glen Cove.

The plaintiffs' conclusory assertion in their brief that there is no " 'taxing statute' which imposes a tax burden on Glen Cove [School District] taxpayers for the County's refund liability" is improperly raised for the first time on appeal, and, in any event, is an insufficient basis for denying summary judgment to the defendant.

The plaintiffs' remaining contention is without merit.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment declaring that the individual plaintiffs are not exempt from paying so much of the County tax as is levied upon their properties for the purpose of paying refunds attributable to tax certiorari proceedings involving all other school districts in Nassau County (*see Lanza v Wagner,* 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Prudenti, P.J., Florio, Fisher and Lunn, JJ., concur.