■ Slavka Dupkanicova, Appellant, v James Vasiloff, Respondent. [829 NYS2d 133]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered December 9, 2005, as granted that branch of the defendant's motion which was for summary judgment dismissing the causes of action alleging common-law negligence and violation of Labor Law § 200.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was employed by the defendant to perform

weekly housecleaning chores at the defendant's single-family home. The plaintiff sustained personal injuries when she fell from the defendant's ladder while cleaning windows inside the residence. She commenced this action against the defendant alleging, inter alia, that the ladder was defective and that it was improperly placed. The defendant moved for summary judgment dismissing the complaint. In opposition to the motion, the plaintiff conceded that the ladder was not defective but alleged that the ladder was improperly placed. In her affidavit submitted in opposition, the plaintiff asserted that she was caused to fall because the ladder was situated parallel to the window and she had to twist her body to lean toward the window and away from the ladder in order to reach the window.

Where the alleged defect or dangerous condition arises from the method or manner in which the worker performs her duties and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or Labor Law § 200 (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Lombardi v Stout*, 80 NY2d 290 [1992]; *Rojas v County of Nassau*, 210 AD2d 390 [1994]). Given that the defendant did not control the manner or method the plaintiff employed to clean the windows (*see Sprague v Peckham Materials Corp.*, 240 AD2d 392, 394 [1997]; *McGuiness v Contemporary Interiors*, 205 AD2d 739, 740-741 [1994]) by, for example, directing that she use the ladder in any particular position, the plaintiff cannot satisfy the requisite elements to maintain these claims against him.

Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the causes of action alleging common-law negligence and violation of Labor Law § 200.

The plaintiff's contention regarding the alleged insufficiency of the ladder's height is improperly raised for the first time on appeal (*see Board of Educ. of Glen Cove City School Dist. v Nassau County*, 33 AD3d 576 [2006]). Santucci, J.P., Goldstein, Skelos and Lifson, JJ., concur.