(March 20, 2007)

■ ABE'S ROOMS, INC., Doing Business as ROOM FINDERS, et al., Respondents, v SPACE HUNTERS, INC., et al., Appellants, et al., Defendants. [833 NYS2d 138]—

In an action, inter alia, to recover damages for violation of the Donnelly Act (General Business Law § 340), common-law unfair competition, tortious interference with contract, slander per se, and libel per se, the defendants Space Hunters, Inc., and John McDermott appeal from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated April 7, 2006, which denied their cross motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action or, in the alternative, pursuant to CPLR 3211 (c) and 3212 (b) for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying those branches of the cross motion which were pursuant to CPLR 3211 (a) (7) to dismiss the first and second causes of action for failure to state a cause of action and substituting therefor a provision granting those branches of the cross motion, and (2) by adding a provision thereto granting the plaintiffs' application pursuant to CPLR 3211 (e) for leave to replead the fourth and fifth causes of action; as so modified, the order is affirmed, without costs or disbursements.

The plaintiffs Abe's Rooms, Inc., doing business as Room Finders, and Marilyn Labate, and the defendants Space Hunters, Inc., and John McDermott, who is the owner and operator of Space Hunters, Inc. (hereinafter the defendants), are in the business of finding rooms to rent in the New York metropolitan area. The plaintiffs and the defendants are competitors for clients in the same geographic area. The plaintiffs advertised their services in the defendant Daily News (hereinafter the News) seven days a week for approximately 13 years and in the defendant New York Post (hereinafter the Post) seven days a week since July 2004 (the News and the Post, collectively, the newspaper defendants).

The plaintiffs commenced this action against the defendants and the newspaper defendants to recover damages for violation of the Donnelly Act (General Business Law § 340), common-law unfair competition, tortious interference with contract, slander per se, and libel per se. The plaintiffs alleged, inter alia, that the defendants hired actors to file false claims against them with the New York State Division of Human Rights, Housing Unit (hereinafter the NYSDHR), charging them with discriminatory practices in violation of New York State Human Rights

Law, Executive Law § 297 (2). The plaintiffs also alleged that the defendants made audio and videotapes of them (hereinafter the tapes) purportedly making discriminatory statements to clients that were forwarded to the advertising managers of the classified sections of the newspaper defendants. As a result, the newspaper defendants allegedly ceased running the plaintiffs' advertisement. The plaintiffs further alleged that the defendants' practices were employed to run the plaintiffs out of business so that the defendants could monopolize the room-renting market in the geographic area in which both parties did business.

The defendants cross-moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action or pursuant to CPLR 3211 (c) and 3212 (b) for summary judgment dismissing the complaint. The Supreme Court denied the cross motion. We modify.

The first cause of action alleges a violation of General Business Law § 340 (hereinafter the Donnelly Act). Under the Donnelly Act, *"[e]very contract, agreement, arrangement or combination* whereby [a] monopoly in the conduct of any business . . . or in the furnishing of any service in this state, is or may be established or maintained, or whereby . . . [c]ompetition or the free exercise of any activity in the conduct of any business . . . is or may be restrained or whereby . . . [f]or the purpose of establishing or maintaining any such monopoly or unlawfully interfering with the free exercise of any activity in the conduct of any business . . . any business . . . is or may be restrained, is hereby declared to be . . . illegal and void" (emphasis added). The Donnelly Act mandates that there be a conspiracy or reciprocal relationship between two or more legal entities before liability can be found (*see Creative Trading Co. v Larkin-Pluznick-Larkin, Inc.,* 136 AD2d 461, 462 [1988]; *see also Saxe, Bacon & Bolan, P.C. v Martindale-Hubbell, Inc.,* 710 F2d 87 [1983]). Since the plaintiffs did not allege the existence of a contract, agreement, arrangement, or combination and that the defendants engaged in concerted activity with another legal entity, this cause of action should have been dismissed (*see Bello v Cablevision Sys. Corp.,* 185 AD2d 262 [1992]).

As to the second cause of action alleging common-law unfair competition, to sustain such a claim, the plaintiffs must show that the defendants misappropriated the plaintiffs' labors, skills, expenditures, or good will and displayed some element of bad faith in doing so (*see Precision Concepts v Bonsanti,* 172 AD2d 737 [1991]; *Davis & Co. Auto Parts, Inc. v Allied Corp.,* 651 F Supp 198 [1986]; *Saratoga Vichy Spring Co., Inc. v Lehman,*

625 F2d 1037, 1044 [1980]; *Metropolitan Opera Assn., Inc. v Wagner-Nichols Recorder Corp.*, 279 App Div 632 [1951]). Since the plaintiffs did not allege that the defendants misappropriated their labors, skills, expenditures, or good will or otherwise attempted to capitalize on the plaintiffs' name or reputation in the room-renting business, the second cause of action also should have been dismissed (*see Precision Concepts v Bonsanti, supra; Saratoga Vichy Spring Co., Inc. v Lehman, supra; Davis & Co. Auto Parts, Inc. v Allied Corp., supra; Metropolitan Opera Assn. v Wagner-Nichols Recorder Corp., supra*).

As to the fourth and fifth causes of action alleging slander per se and libel per se, respectively, the complaint fails to state a cause of action because the plaintiffs failed to satisfy the " 'strictly enforced' " pleading requirement of CPLR 3016 (*Belvision Inc. v M & G Elecs.*, 134 AD2d 313, 313-314 [1987], quoting *Gardner v Alexander Rent-A-Car*, 28 AD2d 667 [1967]; *see Erlitz v Segal, Liling & Erlitz*, 142 AD2d 710, 712 [1988]). However, since the Supreme Court denied the defendants' motion in its entirety, it did not reach the plaintiffs' application pursuant to CPLR 3211 (e) for leave to replead those causes of action. Rather than remit the matter for a determination of the application, in the interest of judicial economy we do so here (*see Kaplan v Kaplan*, 21 AD3d 993, 995 [2005]). Accordingly, although the complaint failed to set forth the particular words complained of, we conclude that the allegations in the complaint, as supplemented by the plaintiffs' motion papers in support of their motion for a temporary injunction, disclosed evidentiary facts to justify the granting of their application for leave to replead made in opposition to the defendants' cross motion to dismiss (*see Schenkman v New York Coll. of Health Professionals*, 29 AD3d 671, 673 [2006]; *Imprimis Invs. v Insight Venture Mgt.*, 300 AD2d 109, 110-111 [2002]; *see generally Adika v County of Rockland*, 96 AD2d 1025 [1983]).

The defendants' remaining contentions are without merit or have been improperly raised for the first time on appeal (*see Dupkanicova v Vasiloff*, 35 AD3d 650 [2006]; *Board of Educ. of Glen Cove City School Dist. v Nassau County*, 33 AD3d 576 [2006]). Schmidt, J.P., Skelos, Lifson and Covello, JJ., concur.