In the Matter of ROBERT FROMER et al., Appellants, v BOARD OF ASSESSORS et al., Respondents. [835 NYS2d 646]—

In a proceeding pursuant to Real Property Tax Law article 7 to review certain real property tax assessments, the petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (DeMaro, J.), entered January 25, 2006, as denied their motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

The petitioners contend that the Supreme Court should have granted their motion for summary judgment invalidating the property tax assessments of the Village of Kings Point on certain real property for the 1995/96 and 1996/97 tax years based upon the doctrine of collateral estoppel because a prior Supreme Court decision had invalidated Nassau County's assessments for those years and because the Village had elected to use the County tax roll as a basis for its own tax roll pursuant to Real Property Tax Law § 1402 (2). The petitioners assert that for each of the tax years from 1994/95 through 1997/98, the Village assessment for the subject property is identical to the County's assessment from the preceding tax year. The respondents (hereinafter the Village) maintain that the prior decision is not binding on the Village because it was not a party to the prior proceeding and because it conducts its own assessments separate from the County's.

Although the Village had adopted a resolution pursuant to Real Property Tax Law § 1402 (2) authorizing it to use the assessment roll of the County as the basis for its assessment roll so far as practicable, it had not enacted a local law pursuant to Real Property Tax Law § 1402 (3) terminating its status as an assessing unit and allowing the County to assume its assessing duty (*see Matter of 1 Toms Point Lane Corp. v Board of Assessors*, 239 AD2d 503 [1997]).

Subdivision (3) was added to Real Property Tax Law § 1402 in 1983 (*see* L 1983, ch 735). As a memorandum accompanying the enactment of Real Property Tax Law § 1402 (3) explains,

prior to 1983, "[v]illages have long had the option of using the town or county assessment roll as the basis of village assessments, and this authorization is currently expressed in subdivision 2 of section 1402 of the RPTL. . . . It is clear, however, that a village which elects the option available to it under subdivision 2 of section 1402 nevertheless remains an assessing unit retaining all of the concomitant assessing unit duties" (Mem of State Bd of Equalization and Assessment, 1983 McKinney's Session Laws of NY, at 2678; *see also People ex rel. International Hydro-Elec. Corp. v Podvin*, 171 Misc 785, 787 [1939]).

The prior Supreme Court decision invalidating the County assessments was based in part on the County's failure to provide evidentiary support for its valuations. The Village, as an independent assessing unit, is entitled to a full and fair opportunity to provide support for and defend its own assessments (*see Buechel v Bain*, 97 NY2d 295 [2001], *cert denied* 535 US 1096 [2002]; *Matter of Juan C. v Cortines*, 89 NY2d 659 [1997]).

The petitioners' remaining contention is without merit. Schmidt, J.P., Santucci, Florio and Balkin, JJ., concur.